UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.                              CASE NO. 8:15-cr-98-T-33-TBM

**JAMIE VALENZUELA-MINA,**
    Defendant.
_____/

## SENTENCING MEMORANDUM

COMES NOW, the Defendant, Jamie Valenzuela-Mina, by and through undersigned counsel, and files this sentencing memorandum in support of a reasonable sentence. As grounds in support thereof, Mr. Valenzuela-Mina shows as follows:

Mr. Valenzuela-Mina is a 45 year-old man with no prior record who was born and raised in Buenaventura, Colombia, an area most recently reported by the New York Times to be called, "[o]ne of South America's most violent cities, infamous for its 'chop-up houses,' where victims are murdered and dismembered, their bodies later found on the streets or washed up in stilt-house slums that line the shores of the polluted bay." William Nueman, <u>Colombian City's New Face and Violent Underbellie Collide</u>, New York Times, July 13, 2015. Mr. Valenzuela-Mina's own brother was murdered at the age of 20 (PSR ¶43).

Mr. Valenzuela-Mina grew up in a home without electricity or plumbing and has a 5th grade education by the standards of Buenaventura, Colombia. At a young age, Mr. Valenzuela-Mina found work with his father as a farmer. However, both of his parents

died when he was in his early twenties. (PSR ¶35). He has a common law marriage with Maria Ofelia Renteria for the past 26 years. He has 7 children (two from another relationship) ranging in age from 5-25.

## MINOR ROLE

Mr. Valenzuela-Mina's role in this case was minor. He was lured into the events by those who prey upon desperate and uneducated people. Mr. Valenzuela-Mina was not the Captain. He was not the guard. He was not the navigator.

Mr. Valenzuela-Mina is a low-level participant being charged at the same offense level that the owner's of the load would be charged; the true profiteers.

Mr. Valenzuela-Mina did not own the drugs; did not make arrangements for the transport of the drugs; did not make decisions regarding the drugs, did not have any authority; and did not stand to benefit from the distribution of the drugs. In essence, Mr. Valenzuela-Mina was an easily replaceable and disposable mule.

Accordingly, Mr. Valenzuela-Mina should be considered for an adjustment under this guideline, and respectfully requests a maximum reduction for minor role.

Respectfully, mitigation of Mr. Valenzuela-Mina's sentence is in accord with the minor role provisions of U.S.S.G. 3B1.2. A look at the totality of the circumstances supports a conclusion that Mr. Valenzuela-Mina's role was minor.

## COOPERATION

Mr. Valenzuela-Mina committed a federal crime. However, the nature and circumstances of his offense and his personal history and characteristics, weigh in favor of a sentence that does not require 135 months imprisonment.

To his peril, Mr. Valenzuela-Mina has cooperated with authorities against those who may very well operate the aforementioned, 'chop-houses' in Buenaventura as reported by the New York Times. These are remarkably dangerous people. He cooperated knowing that no protection from our government can be expected. His cooperation was truthful and he accepted responsibility early in this matter.

Despite Mr. Valenzuela-Mina's early cooperation the government has not filed a U.S.S.G. §5K1.1 motion. Accordingly, Mr. Valenzuela-Mina respectfully requests this Court grant a downward variance under Section 3553(a)(1).

Mr. Valenzuela-Mina has no prior record, minimal education and his role in this offense was unsophisticated and minor. Further, Mr. Valenzuela-Mina did not use violence or posses a firearm or other dangerous weapon in connection with the offense, the offense did not result in the death or serious bodily injury to any person and he was not the organizer, leader, manager or supervisor of others in the offense and he was not engaged in a continuing criminal enterprise.

# SENTENCING GOALS

Just Punishment and Deterrence

With regard to a just punishment, Mr. Valenzuela-Mina immediately admitted his guilt and debriefed with the agents. Mr. Valenzuela-Mina's actions were no doubt wrong. But, compared to a recently dismissed merchant ship cases, it was also of a lesser magnitude for the amount of contraband on board. A below guidelines sentence would more than adequately punish Mr. Valenzuela-Mina and serve as a deterrence.

Protection of the Public

An additional term of imprisonment is unnecessary in this case to ensure the safety of the community. There is no other indication in Mr. Valenzuela-Mina's life history to suggest that he poses any danger to the public.

Rehabilitation

Mr. Valenzuela-Mina realizes his actions were wrong and is truly sorry for ever getting involved. He wants to move forward and the absence of any ability for his family to visit him during his incarceration will further strengthen his resolve to move forward in a positive direction.

The Kinds of Sentences Available (and Related Costs)

The high cost of housing Mr. Valenzuela-Mina in a federal prison, according to the presentence report, would be approximately $30,621.00 per year; for an individual that, after serving his sentence, will be immediately deported and will never return to the USA.

<u>Other Relevant Concerns</u>

Mr. Valenzuela-Mina is desirous of gainful employment and supporting his family. Our prison system can only offer incarceration and absolute isolation from his family; a family that is in need of his support. Mr. Valenzuela-Mina should receive a minimum sentence so that he can return to his family and begin anew.

**CONCLUSION**

Mr. Valenzuela-Mina is a 45-year old man with no prior record who was born in one of the most impoverished and dangerous areas in the world. He has a wife and children that need his support. This was the first time he ever got involved with drugs and his participation was minor. He is remorseful for his actions and has cooperated with law enforcement. He respectfully urges this Court to impose a merciful sentence; taking into account the totality of the circumstances.

Respectfully submitted,

/s/ Ralph F. Guerra

_____
RALPH F. GUERRA, ESQ.
Florida Bar No. 0762261
Attorney for Defendant: Valenzuela-Mina
P.O. Box 3512
Apollo Beach, FL 33572
Tel. (844) 927-9653
Fax (866) 858-0362
E-Mail: Service@RalphGuerra.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of September 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send notice of electronic filing to counsel of record.

/s/ Ralph F. Guerra
_____
RALPH F. GUERRA, ESQ.