UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:15-cr-98-VMC-JSS

JAIME VALENZUELA-MINA

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jaime Valenzuela-Mina's pro se Motion for Compassionate Release (Doc. # 93), filed on September 13, 2021. The United States of America responded on September 27, 2021. (Doc. # 96). For the reasons set forth below, the Motion is denied.

I.  **Background**

In 2015, this Court sentenced Valenzuela-Mina to 135 months' imprisonment after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 66). Valenzuela-Mina is 51 years old and his projected release date from Giles W. Dalby Correctional Institution is October 24, 2024.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

In the Motion, Valenzuela-Mina seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, because of his medical conditions, which include obesity, hypertension, and hyperlipidemia. (Doc. # 93 at 3). The Motion reflects that Valenzuela-Mina submitted a Reduction in Sentence Application on June 2, 2021, and the warden denied the application on June 29, 2021. (Doc. # 93-1). The United States has responded (Doc. # 96), and the Motion is now ripe for review.

## II.  Discussion

The United States argues that the Motion should be denied because Valenzuela-Mina "has not identified extraordinary and compelling reasons for compassionate release." (Doc. # 96 at 10). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Valenzuela-Mina argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after

2

> considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

Here, the United States appears to concede that Valenzuela-Mina exhausted his administrative remedies. (Doc. # 96 at 10). Even assuming that Valenzuela-Mina has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v.

Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021)("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Valenzuela-Mina bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And, as the United States points out, Valenzuela-Mina has been vaccinated and is housed in a facility with a low infection rate. (Doc. # 96 at 1, 15).

Nor do Valenzuela-Mina's medical conditions, including hypertension, hyperlipidemia, and obesity, qualify as extraordinary and compelling reasons for release. Valenzuela-

Mina is receiving medical treatment for these conditions and they appear well-managed by treatment. (Doc. # 96 at 13-14; Doc. # 96-2 (filed under seal)). And he has not presented convincing evidence that these conditions limit his ability to provide self-care in prison. See United States v. Barberee, No. 8:09-cr-266-VMC-AEP, 2021 WL 616049, at *2 (M.D. Fla. Feb. 17, 2021)("Barberee's medical conditions, including hypertension, gastrointestinal issues, and hearing problems, do not merit compassionate release because Barberee has not established that these conditions 'substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility.'" (citation omitted)); United States v. Lynn, No. CR 89-0072-WS, 2019 WL 3082202, at *2 (S.D. Ala. July 15, 2019)(finding that defendant with hyperlipidemia and enlarged prostate, among other things, had not established an extraordinary and compelling reason for release), reconsideration denied, No. CR 89-0072-WS, 2019 WL 3805349 (S.D. Ala. Aug. 13, 2019), appeal dismissed, No. 19-13239-F, 2019 WL 6273393 (11th Cir. Oct. 8, 2019). Nor do these conditions constitute a terminal illness. Thus, Valenzuela-Mina's medical conditions do not warrant release.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. Here, Valenzuela-Mina committed a serious drug offense and has only served a little over half of his term of incarceration. The Court finds that the need for deterrence and to reflect the seriousness of the crime weighs against Valenzuela-Mina's release.

Finally, to the extent Valenzuela-Mina requests that the Court release him on home confinement, the Court denies his request. The Court has no authority to direct the BOP to place Valenzuela-Mina in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020)(per curiam)(explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011)("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. §

6

3621(b)("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Thus, any request for home confinement falls outside Section 3582(c)'s grant of authority.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Jaime Valenzuela-Mina's pro se Motion for Compassionate Release (Doc. # 93) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of October, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE